NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VIP MORTGAGE INCORPORATED,

Plaintiff - Appellant,

v.

JENNIFER GATES, an Arizona individual,

Defendant - Appellee.

No. 24-7624

D.C. No.
2:24-cv-02865-DWL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted October 21, 2025
Phoenix, Arizona

Before: TALLMAN, BADE, and LEE, Circuit Judges.

VIP Mortgage Incorporated raises several challenges to an arbitration order

entered in favor of its former employee Jennifer Gates. An arbitrator awarded Gates

damages for unpaid overtime, liquidated damages, and attorneys' fees after finding

that VIP violated the Fair Labor Standards Act ("FLSA") by failing to pay Gates

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

overtime wages. We have jurisdiction under 9 U.S.C. § 16 and affirm the district court's order denying VIP's petition to vacate the award and granting Gates' motion to confirm it.

1.    <u>Pleading standard</u>. The *Iqbal/Twombly* pleading standard does not apply to VIP's motion to vacate the arbitration award. The Federal Arbitration Act ("FAA")—which governs this arbitration action per the employment agreement—expressly requires that a petition to vacate be treated as a motion, not a pleading. It explains that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. VIP's petition for vacatur[1] was an "application" under the FAA and thus must be treated like a motion.

2.    <u>Vacatur under the FAA</u>. **"**We review a district court's decision to confirm or vacate an arbitration award de novo." *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1238 (9th Cir. 2022). We affirm the district court's conclusion that the arbitrator did not exceed her authority.

---

[1] VIP titled its petition to vacate as "Complaint and Petition to Vacate and/or Modify an Arbitration Award." The title given to it by VIP does not change the legal analysis because at its core the filing sought to vacate the underlying arbitration award. The only authority provided by VIP in support of its position is *Bonar v. Dean Witter Reynolds, Inc.* 835 F.2d 1378 (11th Cir. 1988). That case is inapposite because the Eleventh Circuit treated the motion to vacate there as a pleading for purposes of relation-back under Federal Rule of Civil Procedure 15. *Id*. at 1382; FED. R. CIV. P. 15. Here, there is no such relation-back issue.

Under Section 10(a)(4) of the FAA, courts have "extremely limited authority to review arbitration awards." *Id.* at 1239; 9 U.S.C. § 10(a)(4). "[Section] 10(a)(4) 'is a high standard for vacatur.'" *HayDay Farms, Inc.*, 55 F.4th at 1240 (quoting *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010)). Vacating an award "is warranted only in egregious cases." *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1025 (9th Cir. 1991). "[A]rbitrators 'exceed their powers' . . . when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'" *Lagstein*, 607 F.3d at 641 (alternation in original) (citations omitted).

"[T]o demonstrate manifest disregard, the moving party must show that the arbitrator 'underst[oo]d and correctly state[d] the law, but proceed[ed] to disregard the same.'" *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (quoting *San Martine Compania De Navegacion, S.A. v. Saguenay Terminals Ltd.*, 293 F.2d 796, 801 (9th Cir. 1961)) (alterations in original). It requires more than "a mere error in the law." *Id.* at 879 (*quoting San Martine Compania De Navegacion*, 293 F.2d at 801). "An award is completely irrational if it ignores controlling terms of the parties' contract." *HayDay Farms, Inc.*, 55 F.4th at 1241. This "standard is extremely narrow and is satisfied only 'where [the arbitration decision] fails to draw its essence from the agreement.'" *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009) (citations omitted).

3                                                                24-7624

a.      Amount of damages based on estimated hours worked. VIP argues that the arbitrator exceeded her authority as to the amount of damages awarded to Gates. We disagree.

As a threshold matter, VIP's challenge largely hinges on how the arbitrator weighed the evidence in determining damages, which is outside our purview. *Lagstein*, 607 F.3d at 640–41. VIP's argument also fails on the merits. VIP argues that the arbitrator manifestly disregarded *Anderson v. Mt. Clemens Pottery Co*. in determining damages. 328 U.S. 680 (1946). But the arbitrator did not act completely irrationally nor manifestly disregard the law in applying *Mt. Clemens*. Because VIP failed to keep adequate records of Gates' hours, *Mt. Clemens* permitted Gates to provide estimates of her hours worked. *See id.* at 686–88. The arbitrator considered a variety of sources to confirm the accuracy of the estimates and reduced estimates where warranted. Contrary to VIP's contentions, the arbitrator did not find Gates' estimates wholly unreasonable, and it was reasonable for the arbitrator to believe that *Mt. Clemens*'s framework could be applied in a piecemeal fashion.

b.      Attorneys' fees awarded to Gates. VIP argues that the arbitrator erred in awarding attorneys' fees to Gates for unsuccessful claims against her supervisor, Hendrick. We reject that challenge.

VIP contends that awarding those fees was not properly based on the parties' agreement because it had a prevailing party provision for attorneys' fees, yet the

4                                            24-7624

arbitrator awarded fees for claims on which Gates did not necessarily prevail. But the arbitrator's decision is not "completely irrational" because it can be harmonized with the employment agreement and thus her decision can be said to have "draw[n] its essence" from the contract. *Bosack*, 586 F.3d at 1106. The employment agreement required that the prevailing party in arbitration receive attorneys' fees under the relevant statute and does not make any exception. *See* 29 U.S.C. § 216(b) (FLSA fee-shifting provision for prevailing parties). In her award, the arbitrator explained that "[Gates] was successful in this matter, and not to a de minimis degree." The arbitrator believed Gates was largely successful in her lawsuit and thus awarded most, though not all, of the requested fees. That is not an irrational decision under our deferential standard of review.

VIP also argues that the arbitrator manifestly disregarded *Hensley v. Eckerhart*, 461 U.S. 424 (1983), by awarding Gates attorneys' fees for her unsuccessful claim against Hendrick. Again, a prerequisite for manifestly disregarding the law is that the arbitrator was aware of it. *See HayDay Farms, Inc.*, 55 F.4th at 1241. *Hensley*—the main case that was purportedly disregarded by the arbitrator—was never raised or even mentioned in the record. In any event, her decision does not necessarily conflict with it. *Hensley* explains that "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* at 435. The arbitrator here was not required to

5                                                                    24-7624

reduce fees just because Gates did not prevail in her claim against Hendrick.[2]

      c.    <u>Willful violation of the FLSA</u>. The arbitrator did not exceed her authority in concluding that VIP's violation of the FLSA was willful. A violation of the FLSA is willful if the employer "knew or showed reckless disregard" about whether its actions were prohibited under the FLSA. *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016) (citation omitted).

In making the willfulness determination, the arbitrator pointed to evidence supporting her finding. VIP instructed its employees, including Gates, to only record an 8-hour workday regardless of the amount of overtime worked, and Gates was appointed as weekend contact to business partners, customers, and real estate agents. And in any case, we cannot review how the arbitrator weighed certain evidence. *See Lagstein*, 607 F.3d at 640–41.

**AFFIRMED**.

---

[2] Additionally, *Hensley* drew a distinction between "related" and "unrelated" claims, explaining that *unrelated* unsuccessful claims should not be compensated for. 461 U.S. at 434–35. The claims against Hendrick are related because Gates brought her claims against VIP and Hendrick under the same statutes with essentially identical allegations.